## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. DOE, | |
| Plaintiff, | |
| v. | Case No. |
| UNITED STATES FOOD AND DRUG ADMINISTRATION and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff J. Doe, by and through the undersigned counsel, files this Complaint against the United States Food and Drug Administration ("FDA") and the United States Department of Health and Human Services ("HHS") and alleges as follows:

## INTRODUCTION

1.      This is a "reverse FOIA" action under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, to enjoin FDA, an agency within HHS, from publicly releasing Plaintiff's identity in connection with an FDA inspection report, FDA Form 483 (the "Form 483"), issued to Plaintiff's employer (the "Company") at the close of an FDA inspection of the Company's facility in 2022. FDA intends to publish the Form 483 identifying Plaintiff on May 17, 2023, despite Plaintiff's detailed explanation to FDA as to why Plaintiff's identity should be redacted, given that the release of Plaintiff's identity is unnecessary, contrary to law, inconsistent with agency precedent, and harmful to Plaintiff.  This suit is necessary to prevent FDA's unlawful disclosure.

2.      The release of Plaintiff's identity in the Form 483 is an unjustified invasion of Plaintiff's personal privacy in violation of the Freedom of Information Act ("FOIA") and the Federal Food, Drug, and Cosmetic Act ("FDCA").  Critically, the Form 483 is not a final agency determination of wrongful conduct by the Company.  Yet the Form 483 observations are presented like conclusions in an investigation report—including inappropriate and unauthorized "observations" about Plaintiff—and thus are likely to be publicly received as final conclusions rather than initial, untested allegations.

3.      If Defendants disclose Plaintiff's identity in the Form 483 as they intend to, it will cause irreparable harm to Plaintiff's professional reputation and livelihood as an attorney, as it will incorrectly and prematurely connect preliminary, inaccurate factual allegations against the Company to Plaintiff's conduct.  And it will do so with no valid benefit to the public whatsoever, given that Plaintiff is an employee of a private company, not a government official, and there have been no final conclusions of any wrongdoing by Plaintiff.  Nevertheless, and without providing the Constitutionally required process for reaching a final conclusion of non-compliance, FDA insists it will disclose Plaintiff's identity in the Form 483.

4.      Accordingly, Plaintiff seeks relief from this Court, including an injunction prohibiting Defendants from publicly releasing Plaintiff's name or information allowing the identification of Plaintiff in conjunction with any release of the Form 483.

## PARTIES

5.      Plaintiff J. Doe is a licensed, practicing attorney who works for the Company, which is regulated by FDA.

6.      Defendant FDA is an agency of HHS, and is headquartered in Silver Spring, Maryland.  FDA is responsible for, among other things, ensuring the safety, efficacy, and security

of drugs, biological products, and medical devices in the United States. 21 U.S.C. § 393. FDA is an agency as contemplated by the Administrative Procedure Act, 5 U.S.C. § 701(b)(1), and is an agency for purposes of FOIA, *see* 5 U.S.C. §§ 551(1), 552(f)(1).

7.     Defendant HHS is headquartered in Washington, D.C. HHS is responsible for protecting the health of citizens of the United States and providing essential human services. HHS is an agency as contemplated by the Administrative Procedure Act, 5 U.S.C. § 701(b)(1), and is an agency for purposes of FOIA, *see* 5 U.S.C. §§ 551(1), 552(f)(1).

8.     FDA has possession and control over the records that are the subject of this action and of the information whose release Plaintiff seeks to prevent.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 702–06 because Plaintiff seeks judicial review of a final decision of a government agency that is arbitrary and capricious, constitutes an abuse of discretion, and is otherwise contrary to law. This Court also has jurisdiction because FDA has made a final determination to release Plaintiff's identity, pursuant to 21 C.F.R. §§ 20.47, 20.48.

10.     This Court has personal jurisdiction over FDA and HHS pursuant to 5 U.S.C. § 552(a)(4)(B).

11.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

### Attorney Licensure and Professional Requirements

12.     States, including the one in which Plaintiff is licensed, require attorneys to ascribe to an ethical code that includes, among others, a duty of confidentiality and truthfulness in statements to others.

13.     State professional responsibility boards can and have brought disciplinary proceedings against attorneys for failure to adhere to this code.

### FOIA Exemptions

14.     FOIA Exemption 6 allows for the protection of information about a person's "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  Whether an invasion of privacy is "clearly unwarranted" turns on a balancing test, where a court must "balance the public interest in the disclosure against the interest Congress intended the [e]xemption to protect." *U.S. Dep't of Defense v. FLRA*, 510 U.S. 487, 495 (1994).  FOIA's relevant public interest is "to open agency action to the light of public scrutiny." *Id.* at 496.  Such purpose "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *U.S. Dep't of Just. v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 750 (1989).

15.     Like Exemption 6, FOIA Exemption 7(C) protects against unwarranted invasions of privacy.  Exemption 7(C) allows for the protection of "records or information compiled for law enforcement purposes" where they "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  "[P]rivate citizens who may be mentioned in investigatory files, witnesses, and informants enjoy a privacy interest" under this exemption. *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004).  That is because "[i]ndividual privacy interests are heightened in the context of law enforcement files," *Dillon v.*

*U.S. Dep't of Just.*, 444 F. Supp. 3d 67, 95 (D.D.C. 2020), because the mere "mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1174 (D.C. Cir. 2011).

### FDA Inspections and Forms 483

16.    FDCA Section 704(a) provides FDA authority to conduct inspections and authorizes FDA officers or employees to enter, at reasonable times, and inspect, at reasonable times and within reasonable limits and in a reasonable manner, facilities subject to regulation under the FDCA.

17.    During an inspection, FDA investigators may observe conditions they deem to be objectionable.  A Form 483 is issued to site management at the conclusion of an inspection when investigators observe any conditions that, in their judgment, *may* constitute FDCA violations pertaining to an FDA-regulated product.

18.    In accordance with FDA's statutory authority, observations on a Form 483 are limited to those that "indicate that any food, drug, device, tobacco product, or cosmetic in such establishment (A) consists in whole or in part of any filthy, putrid, or decomposed substance, or (B) has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health."  21 U.S.C. § 374(b)(1).

19.    As explained within FDA's Investigations Operations Manual, "[c]onditions listed [in an observation] should be significant and relate to an observed or potential problem with the facility, equipment, processes, controls, products, employee practices, or records." Investigations Operations Manual § 5.2.3.1.4, U.S. Food & Drug Admin. (2022).  In addition, "[i]t is preferred not to identify individuals or firms by name"—rather, if necessary, individuals or firms

should be identified "by substituting other non-specific identifying information." *Id.* At the conclusion of an inspection, a Form 483 is presented and discussed with the site senior management.

### The Form 483 Issued to the Company

20.     In the Spring of 2022, over the course of twenty different dates, FDA inspected one of the Company's facilities.

21.     Plaintiff was not the "most responsible person" at the facility, and did not interact with FDA during the inspection.

22.     At the conclusion of the inspection, FDA issued a Form 483 to the site lead for the Company (not Plaintiff).

23.     The Form 483 includes two factually inaccurate observations in which the FDA investigator made statements judging the actions, knowledge, and veracity of statements, ascribed to Company personnel and Plaintiff even though such "observations" were not fully investigated (nor could they be during the course of an FDA inspection conducted pursuant to 21 U.S.C. § 374). Indeed, FDA investigators never spoke to Plaintiff during the inspection.

24.     The references at issue are not themselves Plaintiff's name, but use a descriptor that readily identifies the person at issue as Plaintiff.  That the Form 483 uses a descriptor rather than Plaintiff's name (albeit a descriptor that does not sufficiently protect Plaintiff because it allows for Plaintiff's ready identification) indicates Defendants' awareness that identifying Plaintiff by name in circumstances such as those presented here is unwarranted.

25.     In addition to personally identifying Plaintiff in such "observations," the Form 483 also named the outside law firm hired by the Company.  At the close of the FDA inspection, this law firm immediately emailed a letter to the Director of FDA's Division of Information Disclosure

Policy for the Center for Drug Evaluation and Research, requesting that FDA not publicly release the Form 483.  This letter asked, in the alternative, that FDA redact the Form 483 to not disclose Plaintiff's identity or the identity of the outside law firm.

26.    On June 10, 2022, the Company responded to the Form 483.  As part of its response to Defendants, it highlighted factual inaccuracies within the "observations" containing references to Plaintiff.  On August 9, 2022, different external counsel for the Company emailed a second letter to the Director of FDA's Division of Information Disclosure Policy for the Center for Drug Evaluation and Research, requesting that the identity of Plaintiff and the Company's initial external counsel be treated as exempt from public disclosure under FOIA (the "August 9 Letter").  As explained in the August 9 Letter, "[t]he information related to [the Company's] external counsel's role in the investigation activities . . . is exempt pursuant to exemption (b)(4) as it is commercial information both customarily and actually treated as private by [the Company]."  With respect to Plaintiff's identity, the August 9 Letter contended that the "privacy interests of [these individuals] clearly outweigh any purported public interest, particularly in light of the factual inaccuracies, and the information should be withheld accordingly pursuant to exemption (b)(6)."

27.    The August 9 Letter further explained that there is "no compelling reason for the agency to disclose" Plaintiff's identity.  Moreover, there is a significant personal privacy interest in avoiding disclosure of Plaintiff's identity.

28.    On November 10, 2022, FDA emailed a response letter to external counsel for the Company that while it agreed to redact the identity of the initial external counsel under FOIA Exemption 4, "FDA has not been able to identify . . . the specific privacy interests that would be undermined by the release of" Plaintiff's identity under FOIA Exemption 6 and that FDA's "general policy" is that it "does not generally redact the names or titles of high-ranking officials."

29.     On December 5, 2022, external counsel for the Company emailed a letter to the Director of FDA's Division of Information Disclosure Policy for the Center for Drug Evaluation and Research, seeking reconsideration of FDA's refusal to redact Plaintiff's identity "in light of the observations' factual inaccuracies and the negative effects of these factual inaccuracies" (the "December 5 Company Letter").  Among other things, the December 5 Company Letter explained that Plaintiff's identity "should be redacted under exemption (b)(6) to ensure that the factual inaccuracies do not harm those involved," noting that the references to Plaintiff "erroneously link[] the individual to an allegation of non-compliance contained within 483 observations that is factually inaccurate."  Thus, disclosure of Plaintiff's identity "would violate the individual's privacy interests in protecting their personal and professional reputation, as well as future employment opportunities," which is particularly harmful where, as here, the Form 483 reflects "the subjective viewpoint of an investigator," rather than "a final determination by FDA that a regulatory violation has been committed."  As set forth in the December 5 Company Letter, if the Form 483 is made public without redacting reference to Plaintiff's identity, "[it] is almost certain that the 483's factual inaccuracies would result in unjust negative reputational consequences for the individual."

30.     Given the serious nature of the personal privacy interests at stake, including reputational harm that could impede Plaintiff's ability to continue practicing as an attorney, Plaintiff retained separate counsel.

31.     On December 5, 2022, Plaintiff's counsel emailed an additional letter to the Director of FDA's Division of Information Disclosure Policy for the Center for Drug Evaluation and Research, requesting reconsideration of FDA's refusal to redact Plaintiff's identity because disclosure "implicates a significant personal privacy interest" that could impede the "ability to

engage in [Plaintiff's] chosen profession" ("December 5 Plaintiff Request").  As outlined in the December 5 Plaintiff Request, "[t]his significant personal privacy interest substantially outweighs any minimal public interest in disclosure of [a person's] identity in the FDA Form 483."

32.     In the December 5 Plaintiff Letter, Plaintiff asserted that if the Form 483 "is released to the public without redaction," Plaintiff "will face unwarranted reputational harm" because "[s]uch disclosure will intrude upon [Plaintiff's] ability to maintain and carry out [Plaintiff's] chosen profession, a harm that courts have recognized as worthy of safeguarding." *See also Bloomgarden v. U.S. Dep't of Just.*, 874 F.3d 757, 760–61 (D.C. Cir. 2017); *Dep't of the Air Force v. Rose*, 425 U.S. 352 (1976).

33.     In addition, Plaintiff explained that references to Plaintiff's identity "go well beyond what is typically seen in these forms, including for these specific observations," noting that counsel for Plaintiff "could find no other such FDA Form 483 that makes reference to a company's [Plaintiff's job title] in FDA's observations as was done in [the Company's] [], 2022 Form 483, where [Plaintiff's] title is used."

34.     Finally, Plaintiff asserted that, "[g]iven the unusual nature of these specific FDA Form 483 observations, disclosure of [Plaintiff's] title and therefore [] identity, would be highly prejudicial and present a significant threat to . . . personal privacy interests . . . as the FDA Form 483 observations read more like conclusions in an investigation report rather than what they are— observations by field staff that are then evaluated by agency personnel in determining next steps."

35.     On May 10, 2023, FDA rejected Plaintiff's request and informed Plaintiff's counsel that it intended to post the Form 483 without redaction to the FDA website five business days after counsel's receipt of such notice, i.e., on May 17, 2023 (the "May 10 Letter").

36.     In its response, FDA cited no legal support for its position and did not address Plaintiff's arguments raised in the December 5 Plaintiff Letter related to the professional harm.

37.     In the May 10 Letter, FDA further noted that the "Form 483 was issued to [the Company], not [Plaintiff] in [Plaintiff's] personal capacity."  Plaintiff was not the site lead; FDA did not address the Form 483 to Plaintiff.  This is precisely why a premature public posting of such observations in an unredacted fashion will unfairly curtail Plaintiff's due process rights.  There will be a time and a place for FDA to resolve such disputes by the Company and Plaintiff; all Plaintiff asks is that the agency allow that process to take place before jumping the gun and publicly disclosing Plaintiff's identity in factually inaccurate and legally inappropriate observations.  The "observations" contained within the Form 483 go far beyond what is authorized by the FDCA and are contrary to law.

38.     After receiving the May 10 Letter from FDA, Plaintiff's counsel sent a further letter urging FDA to reconsider its position.  On May 16, 2023, FDA denied Plaintiff's second request and stated that it "considered both FOIA Exemptions 6 and 7(C) in reaching its conclusion" and confirmed that the agency intends to post the Form 483 "per its earlier letter," i.e., tomorrow, May 17, 2023.

39.     Plaintiff seeks to preclude the public release of the Form 483's references to Plaintiff's identity given the processes and protections of FOIA and the FDCA, the harm to Plaintiff from the release of Plaintiff's identity, the procedural posture of the Company's interactions with Defendants relative to the specific site that received the Form 483, and the inappropriate nature of the observations that reference Plaintiff within the Form 483.

40.     FDA's decision to deny Plaintiff's requests for redactions constitutes "final agency action that is subject to judicial review" pursuant to FDA's disclosure regulations, as FDA

consulted with Plaintiff as a "person who will be affected by a proposed disclosure of data or information" contained in FDA's records and rejected Plaintiff's "request that part or all of the records not be made available for public disclosure." 21 C.F.R. § 20.48.

41.    The decision to release Plaintiff's identity, which, upon information and belief, will be disclosed to the public when the Form 483 and any documents citing the Form 483 are made available to the public on May 17, 2023, is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

42.    Plaintiff will suffer irreparable harm if FDA discloses the unique information in the Form 483 disclosing Plaintiff's identity.  Having the public associate Plaintiff with the allegations made in the Form 483 observations—which, notably, are inaccurate, unauthorized by the FDCA, and represent an end-run around legally required processes—will result in serious reputational harm to Plaintiff and harm to Plaintiff's professional livelihood.  Given that Plaintiff is a practicing, licensed attorney, which is a profession ruled by a canon of ethics and state-specific professional licensure requirements, the potential for harm is particularly acute here.

## <u>COUNT I</u>

### (Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2))

43.    Plaintiff re-alleges and reincorporates each of the proceeding paragraphs of this Complaint as if set forth fully herein.

44.    FOIA authorizes agencies to disclose information only under certain circumstances and upon a request for records.  5 U.S.C. § 552(a).  FOIA Exemption 6 exempts from disclosure an individual's "personnel and medical files and similar files[,] the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6).  Similarly, FOIA Exemption 7(C) protects from disclosure "records or information compiled for law enforcement

purposes," to the extent that these records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C).

45.     References to Plaintiff's identity in the Form 483 in connection with factually inaccurate and legally inappropriate observations, will intrude upon Plaintiff's ability to maintain and carry out a profession, and therefore constitute an unwarranted invasion of personal privacy. Accordingly, references to Plaintiff's identity in the Form 483 are exempt from disclosure under FOIA, 5 U.S.C. § 552(b), and failure to withhold this information as requested by Plaintiff is contrary to law.

46.     Disclosure of Plaintiff's identity in the Form 483 is immaterial to the observations in the Form 483 and therefore serves no government or public interest purpose.

47.     FDA's refusal to redact Plaintiff's identity from the Form 483, as explained in its letters dated May 10 and 15, 2023, is an arbitrary and capricious final agency action within the meaning of 5 U.S.C. § 706(2)(A).  Pursuant to 21 C.F.R. § 20.48, FDA's decision "constitutes final agency action that is subject to judicial review pursuant to 5 U.S.C. chapter 7" because FDA "reject[ed] [Plaintiff's] request that part or all of the records not be made available for public disclosure."  The denial is a final agency action under 5 U.S.C. § 704 because it marked the consummation of the agency's decision-making process with the agency's repeated assertions of the certainty that Plaintiff had not satisfied the requisite criteria.

48.     FDA's disclosure of Plaintiff's identity is an arbitrary and capricious decision, an abuse of discretion, and constitutes a clear error of judgment, because such action is contrary to FOIA and the FDCA, because FDA failed to consider important factual and legal considerations raised by Plaintiff, and because FDA failed to articulate a satisfactory explanation for its actions.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief as follows:

a.    A declaration of law that Plaintiff has a personal privacy interest that requires withholding certain information that would disclose Plaintiff's identity from public disclosure in the Form 483 under FOIA, pursuant to 5 U.S.C. § 552(b)(6);

b.    Preliminary injunctive relief prohibiting HHS and FDA, as an agency of HHS, from publicly disclosing, on the agencies' websites or otherwise, Plaintiff's identity, including the specific information that would reveal Plaintiff's identity that Plaintiff seeks to redact, in the Form 483 and any documents citing or referencing the Form 483 or the two Form 483 observations referring to Plaintiff, while this action is pending, pursuant to 21 C.F.R. § 20.48;

c.    Permanent injunctive relief prohibiting HHS and FDA from publicly disclosing, on the agencies' websites or otherwise, Plaintiff's identity, including the specific information that would reveal Plaintiff's identity that Plaintiff seeks to redact, in the Form 483 and any documents citing or referencing the Form 483 or the observations described therein;

d.    A judgment in Plaintiff's favor;

e.    An award of attorneys' fees and costs to Plaintiff; and

f.    Such further relief as the Court finds just and proper.

Dated:  May 16, 2023                              Respectfully submitted,

By: */s/ David E. Mills*
David E. Mills (DC Bar No. 401979)
Sonia W. Nath (admission pending)
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004-2400
Telephone: (202) 776-2865
Facsimile: (202) 842-7899
dmills@cooley.com
snath@cooley.com

Victoria R. Pasculli (*pro hac vice* forthcoming)
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
Telephone: (212) 479-6879
Facsimile: (212) 479-6275
vpasculli@cooley.com

*Counsel for Plaintiff J. Doe*