UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J. DOE,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**UNITED STATES FOOD AND DRUG ADMINISTRATION,** *et al.*,<br><br>    **Defendants.** | Civil Action No. 23-1389 (JEB) |

**MEMORANDUM OPINION AND ORDER**

      Plaintiff is a lawyer who has sued the Food and Drug Administration and the Department of Health and Human Services to enjoin them from "publicly releasing [his] identity in connection with an FDA inspection report" issued to his employer, a company the FDA regulates. See ECF No. 1 (Complaint) at 1, 13. He also moves to proceed under a pseudonym. See ECF No. 2 (Pl. Motion). Plaintiff contends that proceeding under a pseudonym would "preserve the status quo during the pendency of this litigation," and that if his "identity is required to be disclosed in a publicly filed lawsuit, the very relief Plaintiff seeks in the Complaint . . . will be defeated." Id. at 1–2. Plaintiff further argues, as he does in the underlying lawsuit, that disclosing his identity will subject him to "significant professional reputational harm" given the nature of the allegations in the FDA's inspection report. Id. at 2; see Compl., ¶ 3. Defendants oppose Plaintiff's request, see Mot. at 1, and although they have been served a copy of the Motion, see ECF No. 3 (Proof of Service) at 1, they have not filed an opposition to it.

      Although Plaintiff waited to file his Motion until 7:02 p.m. the day before he claimed that the FDA planned to "make Plaintiff's identity available to the public" by publishing its

1

inspection report, see Mot. at 5, the Court has confirmed that Defendants have not yet published that report. Thus satisfied that the Motion is not moot, the Court will grant it for the reasons below, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"). The court uses he, his, or him throughout this opinion for convenience but does not thereby suggest anything about Plaintiff's sex.

## I.   Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.     Analysis

At this early stage, Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity. The Court will address each of the five factors in turn.

The first factor slightly supports granting the Motion. Plaintiff argues that he seeks pseudonymity not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original); see Mot. at 7. He explains that "the whole purpose of this lawsuit is to prevent the unwarranted privacy invasion presented by the government's conduct in this case, and the professional reputational harms that would befall Plaintiff if Plaintiff's identity were publicly disclosed." Mot. at 7. This Court's predecessor has recognized that the first factor "weighs heavily in favor of allowing [a plaintiff] to proceed pseudonymously" when a complaint would identify the plaintiff in a manner that would threaten the plaintiff's future employment opportunities. Doe v. Lieberman, No. 20-2148, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) ("[T]he purpose of plaintiff's action is to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank. . . . [I]f an adverse report is made to that body, . . . [plaintiff] will be unable to . . . practice medicine.") (internal quotation marks omitted).

Unfortunately for him, Plaintiff's Motion neither describes nor substantiates how disclosing his identity as an individual referenced in the FDA's inspection report would harm his professional prospects or reputation. All he does offer appears conclusory. See, e.g., Mot. at 8 ("Plaintiff currently is a practicing and licensed attorney, whose rights would be infringed if not allowed to proceed by pseudonym. Disclosure of Plaintiff's name will result in serious reputational harm to Plaintiff and harm to Plaintiff's professional livelihood."). Plaintiff has not, for example, argued that revealing his identity would associate him with grave charges, see Doe v. Benoit, No. 19-1253, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (finding factor supports pseudonymous filing where plaintiff described "the risks [that] being associated with terrorism" would have on her current and future employment), or that it would trigger an "adverse report" rendering him "unable to practice." Lieberman, 2020 WL 13260569, at *3. Nor has he supported his general allegation with evidence, such as a "sworn declaration[]," that might explain the professional consequences of revealing his identity. John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 21 (D.D.C. 2016).

Plaintiff's Complaint does not fill in these gaps, as he does not, for example, attach the investigative findings the FDA plans to release. The Complaint merely identifies "an ethical code that includes, among others, a duty of confidentiality and truthfulness in [an attorney's] statements to others," and then alleges that the FDA's investigative report "includes two factually inaccurate observations in which the FDA investigator made statements judging the actions, knowledge, and veracity of statements[] ascribed to" him. See Compl., ¶¶ 12, 23.

Typically, such "'speculative and unsubstantiated claims of harm to a [plaintiff's] reputational or economic interests' are insufficient to justify proceeding anonymously." John Doe Co. No. 1, 195 F. Supp. 3d at 22 (quoting Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir.

2014)).  The Court acknowledges, however, that Defendants have not filed an opposition to Plaintiff's Motion, and at this early stage, the strength of the professional and reputational harm Plaintiff asserts rises and falls with the merits of his lawsuit.  As Plaintiff points out, if his "name is not withheld from the court filings in this case, the purpose of Plaintiff's lawsuit will become moot and will deny the access to the judicial review to which Plaintiff is entitled."  Mot. at 8.  Absent any opposition, and mindful that the judge to whom the case is randomly assigned will be in a better position to assess whether the reputational and professional harms Plaintiff alleges can be sufficiently substantiated, the Court assumes at this juncture that the investigative report contains allegations of wrongdoing that could lead to Plaintiff's disbarment or some other grave employment-related consequence.  For now, then, this factor lends at least some support to granting the Motion.

The second and third factors cut the other way and weigh in favor of disclosure because, as Plaintiff concedes, he "does not fear 'retaliatory physical or mental harm,' and Plaintiff is an adult, not a minor."  Mot. at 7 n.2 (quoting Nat'l Ass'n of Waterfront Emps. v. Chao, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)).

The next two factors lend some support to Plaintiff's Motion.  With respect to the fourth, Plaintiff has sued two government agencies, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.'"  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  This

5

factor therefore supports proceeding pseudonymously, but only slightly, as Defendants oppose the Motion, though without having filed any actual opposition. See Mot. at 1.

The fifth factor also supports Plaintiff's Motion. Defendants would suffer no "risk of unfairness" if the Motion were granted, as Plaintiff has already identified himself to them. See In re Sealed Case, 971 F.3d at 326 n.1 ("Because the EPA is aware of [a petitioner's] identity, that concern is not implicated in this case."); ECF No. 2-1 (Declaration of David E. Mills) (identifying Plaintiff's name). Upon the filing of the pseudonymous Complaint, Defendants will remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiff will remain free to object.

In sum, although Plaintiff's Motion is lacking in detail, and although the second and third factors support disclosure, the first, fourth, and fifth factors lend sufficient weight to his Motion to highlight his "legitimate interest in anonymity" at this early stage, In re Sealed Case, 931 F.3d at 96, especially given that his lawsuit hinges on it.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; and

2. Within seven days of the Court's Order:

    i. Defendants shall file any opposition to the [2] Motion; and

    ii. Plaintiff shall file the [2] Motion on the public docket, with redactions to any attachments that identify Plaintiff's name or address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 19, 2023