## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
)
J. DOE,                                       )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )      Civil Action No. 23-1389 (ABJ)
                                              )
UNITED STATES                                 )
FOOD AND DRUG                                 )
ADMINISTRATION, *et al.*,                     )
                                              )
            Defendants.                       )
———————————————————————)

## MEMORANDUM OPINION

Plaintiff J. Doe, an attorney at an entity regulated by the U.S. Food and Drug Administration ("FDA"), has brought this action to prevent the FDA from publishing references to their job title in one of its reports. *See* Complaint [Dkt. # 1] ("Compl.") ¶ 1. The agency does not intend to include plaintiff's name. Compl. ¶ 24.

Plaintiff characterizes the case as a "reverse-FOIA" action against the FDA and the U.S. Department of Health and Human Services, alleging that the FDA's failure to redact their identifying information under Exemptions 6 and 7(C) of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552(b)(6), (b)(7)(c), is arbitrary and capricious and not in accordance with law. Compl. ¶ 1, 43–48. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to state a claim for relief. Defs.' Mot. to Dismiss [Dkt. # 15] ("Defs.' Mot."); Defs.' Mem. in Supp. of Defs.' Mot. [Dkt. # 15-1] at 7–13 ("Defs.' Mem.").

For the reasons set forth below, the Court will grant defendant's motion and dismiss the complaint for failure to state a claim.

# BACKGROUND

## I.        Statutory Background

Section 704(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, authorizes FDA officers or employees to enter and inspect facilities subject to regulation under the statute. 21 U.S.C. § 374(a)(1). During an inspection, FDA investigators are permitted to observe and document any conditions that, in their judgment, "indicate that any food, drug, device, tobacco product, or cosmetic in such establishment (A) consists in whole or in part of any filthy, putrid, or decomposed substance, or (B) has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health." 21 U.S.C. § 374(b)(1). At the conclusion of its inspection, the FDA issues a "Form 483" to the facility's senior management that includes any observations that, in the FDA's judgment, may constitute violations of the FDCA. *See* 21 U.S.C. § 374(b) (requiring the FDA to provide a written report to the regulated entity after inspection); Investigations Operations Manual § 5.2.3.1.4, U.S. Food & Drug Admin. (2022) ("IOM").

Any observations listed in the Form 483 "should be significant and relate to an observed or potential problem with the facility, equipment, processes, controls, products, employee practices, or records." IOM § 5.2.3.1.4. As a general guideline, the FDA's IOM notes that "[i]t is preferred not to identify individuals or firms by name" in a Form 483. *Id*. But, "[w]here appropriate to support" a Form 483, the IOM directs investigators to "identify the individual(s) or

2

firm(s) by substituting other non-specific identifying information," such as information showing the facility's "relationship to a particular firm and/or individual." *Id*.

## II. Factual Background

Plaintiff is a licensed, practicing attorney who works at an FDA-regulated entity ("the Company"). Compl. ¶ 5. In the spring of 2022, the FDA inspected one of the Company's facilities and on May 19, 2022, it issued a Form 483 to the site lead for the Company. Compl. ¶¶ 20, 22; Ex. A to Pl.'s Mem. in Opp. to Defs.' Mot. ("Pl.'s Opp.") [Dkt. # 23-2] ("Ex. A") SEALED. Plaintiff alleges that although they "did not interact with FDA during the inspection," the Form 483 included "two factually inaccurate observations in which the FDA investigator made statements judging the actions, knowledge, and veracity of statements, ascribed to . . . [p]laintiff even though such 'observations' were not fully investigated." Compl. ¶¶ 21, 23. While the Form 483 did not include plaintiff's name, it did identify plaintiff's role at the Company, which the complaint alleges "readily identifies the person at issue as [p]laintiff." Compl. ¶ 24. The Form 483 also named the Company's outside law firm. Compl. ¶ 25.

Immediately after the Company received the Form 483, the Company's outside law firm emailed the FDA's Division of Information Disclosure requesting that the FDA "not publicly release the Form 483," or in the alternative, that it redacts the identities of plaintiff and the firm "[s]hould FDA . . . receive any request to inspect . . . these materials, either pursuant to FOIA or otherwise." Compl. ¶ 25; Ex. A at 1.

On August 9, 2022, different external counsel for the Company emailed a second letter to the Division of Information Disclosure, asserting that information related to the identity of the company's external counsel and plaintiff should be exempted from "any public disclosure" under FOIA Exemptions 4 and 6, and redacted prior to any public disclosure. Compl. ¶ 26; Ex. B to Pl.'s

Opp. [Dkt. # 23-3] ("Ex. B") SEALED at 1. With respect to the job title, the letter asserted that plaintiff's "significant personal privacy interest" in remaining unidentified weighed in favor of redaction pursuant to FOIA Exemption 6, particularly absent any "compelling reason for the agency to disclose" plaintiff's identity. *See* Compl. ¶¶ 26, 27; Ex. B at 2.

On November 10, 2022, the Division of Information Disclosure responded, agreeing to redact the identity of the Company's external counsel. Compl. ¶ 28. However, it also stated the agency's intention to refuse to redact plaintiff's title:

> [Y]our letter has not identified any particularized negative consequences [plaintiff] is likely to experience if the title remains unredacted . . . . In the absence of an articulable personal privacy interest in redacting this information, FDA intends to follow our general policy with respect to disclosure of the names of high-ranking officials.

Compl. ¶ 28; Ex. C to Pl.'s Opp. [Dkt. # 23-4] ("Ex. C") SEALED at 1. The agency also invited the Company to supply any additional information that would "support withholding" plaintiff's job title. Ex. C at 1.

On December 5, 2022, the Company's external counsel responded to the FDA's request for additional information. Compl. ¶ 29; Ex. D to Pl.'s Opp. [Dkt. # 23-5] ("Ex. D") SEALED. The lawyer insisted that plaintiff's identity should be redacted under FOIA Exemption 6 "to ensure that the [Form 483's] factual inaccuracies do not harm those involved," stating that the report "erroneously links [plaintiff] to an allegation of non-compliance." Compl. ¶ 29. It further argued that disclosure of plaintiff's identity "would violate [plaintiff's] privacy interests in protecting their personal and professional reputation, as well as future employment opportunities." Ex. D at 2; Compl. ¶¶ 29. The same day, plaintiff, through separately retained counsel, sent their own letter, arguing for redaction under Exemption 6 because "[plaintiff's] significant personal privacy interest substantially outweighs any minimal public interest in disclosure." Compl. ¶¶ 30–31; Ex. E to

Pl.'s Opp. [Dkt. 23-6] ("Ex. E") SEALED at 1.  The letter also pointed out that specific references to plaintiff's role at the Company "go well beyond what is typically seen in these forms, including for these specific observations."  Ex. E at 3.

On May 10, 2023, the FDA rejected plaintiff's request and notified plaintiff's counsel that it intended to post the Form 483 to the agency's website without the requested redaction.  Compl. ¶ 35.  This time, the FDA emphasized that the "Form 483 was issued to [the Company], not [plaintiff] in [plaintiff's] personal capacity," *see* Compl. ¶ 37 (alterations in original), and that "FDA has a long-standing policy of releasing the names of high-level officials in . . . inspectional documents."  Ex. F to Pl.'s Opp. [Dkt. # 23-7] ("Ex. F") SEALED at 1.  The FDA also explained that it "concluded that releasing [plaintiff's] title . . . would not constitute an unwarranted invasion of personal privacy" under FOIA Exemption 6.  Ex. F at 1.  The next day, on May 11, 2024, plaintiff's counsel responded with another letter urging FDA to reconsider its position and threatening to file this action if the agency did not agree to make the redaction.  Compl. ¶ 38; Ex. G to Pl.'s Opp. [Dkt. # 23-8] SEALED at 1.

On May 15, 2023, the FDA sent back its final response, denying the request after consideration of "both FOIA Exemptions 6 and 7(C)," and reaffirming its intention to upload the unredacted Form 483 to the agency's website the next day.  Compl. ¶ 38; Ex. H to Pl.'s Opp. [Dkt. # 23-9] SEALED.

The next day, May 16, 2023, plaintiff filed this one-count "reverse-FOIA" action under the section 706(2) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, alleging that the FDA's refusal to redact plaintiff's title was arbitrary and capricious and not in accordance with law.  Compl. ¶¶ 43–48.  The complaint alleges that the identifying information in the Form 483, "in connection with factually inaccurate and legally inappropriate observations," is exempt from

disclosure under FOIA Exemptions 6 and 7(C) because disclosure "will intrude upon [p]laintiff's ability to maintain and carry out a profession, and therefore constitute an unwarranted invasion of personal privacy." Compl. ¶¶ 44–45. Plaintiff claims that "because such action is contrary to FOIA and the FDCA," the FDA's refusal to redact the public version of the form is arbitrary and capricious, an abuse of discretion, and a clear error of judgment. Compl. ¶ 48.

On July 24, 2023, defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim and for relief from Local Rule 7(n). *See* Defs.' Mot. Plaintiff opposed this motion, *see* Pl.'s Opp., and the matter is fully briefed. Defs.' Reply in Supp. of Defs.' Mot. [Dkt. # 26] ("Defs.' Reply").

## STANDARD OF REVIEW

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action,"

*id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

There have been occasions when individuals named in agency records sought to have their personal identifying information or confidential material withheld from FOIA disclosures in accordance with FOIA exemptions. Lawsuits arising out of those efforts have been dubbed "reverse-FOIA" actions. *See Doe, 1 v. Fed. Election Comm.*, 920 F.3d 866, 872 (D.C. Cir. 2019)

(describing a "typical" case in which an individual "seeks to prevent [an] agency that collected [their] information from revealing it to a third party in response to the latter's FOIA request").

Although the name refers to the Freedom of Information Act, reverse-FOIA cases are brought under the Administrative Procedure Act.  In *Chrysler Corp. v. Brown*, an automobile manufacturer sought to bar the Defense Logistics Agency from disclosing annual reports and compliance reviews concerning its affirmative action programs.  441 U.S. 281, 287–88 (1979). The Supreme Court concluded that Congress did not limit an agency's discretion to disclose information when it enacted FOIA, and that "[i]t necessarily follows that the Act does not afford . . . any right to enjoin agency disclosure." *Id.* at 294.  But the Court went on to find that an agency's decision to disclose information is a reviewable agency action within the meaning of the APA.

> Section 10(a) of the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . ., is entitled to judicial review thereof." . . .  Therefore, we conclude that DLA's decision to disclose the Chrysler reports is reviewable agency action and Chrysler is a person "adversely affected or aggrieved" within the meaning of § 10(a).

*Id.* at 317–18, quoting 5 U.S.C. § 702 (internal citations omitted).

Section 706(2)(A) of the APA authorizes the court to set aside agency actions "found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  To state a claim under section 706(2)(A), then, a plaintiff must identify the law the challenged action contravenes.  *Id.*  This means that in a reverse-FOIA suit under the APA, the "plaintiff must show that the release of the information at issue was somehow unlawful." *Tripp v. Dep't of Def.*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002).

Defendants contend that the complaint fails under the APA because plaintiff has cited no "non-FOIA source of authority" barring the FDA from disclosing plaintiff's job title. Defs.' Mot. at 8. Plaintiff maintains that the APA claim is "consistent with caselaw in this and other circuit courts" that have allowed "[a] person whose information is about to be disclosed pursuant to a FOIA request . . . to enjoin the Government from disclosing it." Pl.'s Opp. at 11–15. But this information was not about to be released pursuant to a FOIA request; FOIA was not implicated at all. Compl. ¶¶ 22–24, 35. Plaintiff also argues that defendants' refusal to redact the job title from its "credibility determinations" that plaintiff "improperly withheld information from FDA" exceeded "the scope of the FDA's authority under 21 U.S.C. § 374." Pl.'s Opp. at 15–19. But the complaint does not allege a violation of the Food, Drug, and Cosmetic Act either. Since plaintiff cannot point to any legal provision that would require withholding the information, binding Circuit authority compels this Court to find that the complaint does not allege unlawful agency action.

I.    **FOIA cannot be the legal basis for plaintiff's APA claim because it does not bar disclosure of identifying information where there is no FOIA request.**

The Freedom of Information Act, 5 U.S.C. § 552(a), requires federal agencies to "make their records available to the public" upon request for specific information. *Id.* § 552(a)(3)(A); *Doe, 1*, 920 F.3d at 871. When a party requests records under FOIA, though, there are several provisions that authorize the agency to withhold information. 5 U.S.C. § 552(b). Exemptions 6 and 7(C), for example, allow the agency to withhold "personnel and medical files and similar files," as well as "information compiled for law enforcement purposes," if the disclosure would constitute an "unwarranted invasion of personal privacy." *Id.* § 552(b)(6), (b)(7)(C).

The law is clear in this Circuit that a plaintiff cannot rely on FOIA to show that an agency's action was unlawful under the APA when they are not challenging an agency's disclosure of information in response to a FOIA request. *Doe, 1*, 920 F.3d at 872. In *Doe, 1*, two plaintiffs sued

the Federal Election Commission under FOIA and the APA to stop the agency from publishing a report connecting them to a misreported campaign contribution, and they argued that Exemption 7(C) barred disclosure. *Id*. at 868–69, 872. The D.C. Circuit observed that the lawsuit was "not a run-of-the-mill 'reverse-FOIA' case," as "no FOIA request was pending," and it held that FOIA could not be the claim's legal basis for an action seeking to bar disclosure. *Id.* at 872; *see id.* at 870 ("Plaintiff's argument presents an obvious question: 'not in accordance with' what 'law'?"). As the Court explained:

> FOIA is a disclosure statute. If an agency wrongly withholds information in the face of a proper FOIA request, it violates that statute. But if an agency discloses information pursuant to other statutory provisions or regulations, the agency cannot possibly violate FOIA. *Chrysler Corp. v. Brown* held that the FOIA exemptions regime in § 552(b) on which the [plaintiffs] rely demarcates the agency's obligation to disclose; it does not foreclose disclosure. In other words, Congress did not limit an agency's discretion to disclose information when it enacted the FOIA.

*Doe, 1*, 920 F.3d at 872 (internal quotations and citations omitted). In sum, to plead a proper reverse-FOIA claim, plaintiff must show "some other law," besides FOIA, that "require[s] the agency to withhold the information." *See Tripp*, 193 F. Supp. 2d at 238.[1]

Doe's claim here fails for that reason. Plaintiff's complaint purports to base a "reverse-FOIA" claim on the "FDA's refusal to redact [p]laintiff's identity" under FOIA Exemptions 6 and 7(C), even though no FOIA request is pending. Compl. ¶¶ 1, 44–47. But the case involves a report to be released independent of FOIA. Compl. ¶ 22; *see* 21 U.S.C. § 374(b) (requiring the FDA to provide a written report to the regulated entity after inspection). Since

---

[1] The Court of Appeals also observed in dicta that the Federal Election Commission would not have had the discretion to withhold the plaintiffs' identifying information even if it had applied FOIA Exemption 7(C). *See Doe, 1*, 920 F.3d at 872 ("[T]here is nothing to plaintiffs' complaint that their privacy would be unduly compromised if their identities were revealed").

plaintiff is not seeking to challenge the agency's decision to disclose material in response to a FOIA request, the complaint must point to some other law that requires the FDA to withhold the desired information. In the absence of that showing, the complaint fails.

The cases plaintiff cites in opposition to the motion to dismiss, *see* Pl.'s Opp. at 11–14, do not change this outcome. Two of the cases are not "reverse-FOIA" cases at all; instead, they involved plaintiffs in the usual posture of suing an agency to release information pursuant to a FOIA request. *See Bloomgarden v. U.S. Dep't of Just.*, 874 F.3d 757 (D.C. Cir. 2017) (a prisoner's suit against the Department of Justice to release a proposed termination letter detailing the "professional inadequacies" of the prosecutor who had convicted him); *Carter v. U.S. Dep't of Com.*, 830 F.2d 388 (D.C. Cir. 1987) (FOIA action against the Patent and Trademark Office in which plaintiff disputed the agency's Exemption 6 withholdings).

The rest of plaintiff's cited cases are also factually distinct. Plaintiff cites *Chrysler Corporation v. Brown*, 441 U.S. at 318, for support, Pl.'s Opp. at 12–13, but that case involved a company that sought to enjoin a government agency from releasing information in response to a FOIA request. *Chrysler*, 441 U.S. at 287. The other cited cases were in the same posture as *Chrysler*; reverse-FOIA claims where an agency had actually received a FOIA-request from a third-party and decided to release information without applying an exemption. *See Am. Farm Bureau Fed'n v. U.S. Env. Prot. Agency*, 836 F.3d 963 (8th Cir. 2016) (plaintiff urged the Environmental Protection Agency to withhold information about the owners of concentrated animal feeding operations in response to environmental group's FOIA request); *Canadian Com. Corp. v. Dep't of Air Force*, 514 F.3d 37 (D.C. Cir. 2008) (plaintiff challenged the Air Force's decision to release its contract with the government under FOIA); *United Techs. Corp. v. U.S. Dep't of Def.*, 601 F.3d 557 (D.C. Cir. 2010) (a reverse-FOIA claim against the Defense Contract

Management Agency objecting to the release of information subject to a FOIA request related to plaintiff's construction of helicopters); *Detroit Int'l Bridge Co. v. Fed. Hwy. Admin.*, 666 F. Supp. 2d 740 (E.D. Mich. 2009) (plaintiff sought to enjoin the Federal Highway Administration from releasing an inspection report regarding a bridge build by plaintiff in response to a FOIA request).

Only one of the cases cited by the plaintiff involved a reverse-FOIA suit brought before a FOIA request had been made for the information the claimants sought to protect. In *Brancheau v. Sec'y of Lab.*, No. 6:11 Civ. 1416, 2012 WL 140239 (M.D. Fla. Jan 18, 2012), the plaintiffs were attempting to shield a video of their relative's death at SeaWorld from disclosure by the Occupational Safety and Health Administration *in the event* of a FOIA request. *Id.* at *1. The court found that "[a] plaintiff seeking to prevent disclosure under FOIA has no remedy until the agency determines that it will release the requested information." *Id.* at *2. While in this case, the agency has in fact made its determination, *Brancheau* is of no assistance to plaintiff because it too involved an attempt to use FOIA exemptions to block a FOIA disclosure.

It is true that the letters from the Company's and Doe's counsel specifically argued that plaintiff's title should be withheld under FOIA Exemptions 6 and 7(C), and the FDA stated that it "considered both FOIA Exemptions" in rejecting the request. *See* Ex. A–Ex. H. But the fact that the communications between the parties leading up to this suit invoked FOIA exemptions does not change the fact that there was no FOIA request from which plaintiff could seek an exemption; plaintiff's objective was to persuade the agency to withhold their job title from general public disclosure of the Form 483 on the agency's website.

At the end of the day, plaintiff's "reverse-FOIA" APA claim fails because it is not a reverse-FOIA case. Since the challenged disclosure did not arise under FOIA, the question then becomes whether plaintiff has stated any other violation of law that can sustain the claim.

II.   **The FDCA cannot be the legal basis for plaintiff's claim because it does not bar disclosure of plaintiff's identifier in the Form 483.**

Plaintiff argues in opposition to the motion to dismiss that the FDA's disclosure exceeded the scope of its authority under 21 U.S.C. § 374, and therefore, the Food, Drug, and Cosmetic Act supplies a legal basis for the claim.  Pl.'s Opp. 15–19.

But this argument is also not persuasive.  For one thing, the complaint does not explicitly allege a violation of 21 U.S.C. § 374.  The provision shows up only twice in the complaint:  once when plaintiff refers to the FDA's authority to conduct inspections, *see* Compl. ¶ 18, and again in a parenthetical in which plaintiff explains that the section did not authorize the FDA to "fully investigate[]" statements ascribed to plaintiff.  Compl. ¶ 23.  Otherwise, plaintiff only makes general, conclusory allegations that the observations about credibility in the Form 483 were "unauthorized" or "contrary" to the FDCA.  *See, e.g.*, Compl. ¶¶ 42, 48.

Moreover, even if the complaint plausibly alleges that the FDA exceeded its authority under the FDCA through its "credibility determinations" in the Form 483, it does not follow that the FDA's decision to *disclose plaintiff's job title* contravenes the FDCA.  Section 374 itself does not prohibit disclosure of information related to plaintiff's identity, *see* 21 U.S.C. § 374(b), and plaintiff has pointed to no other provision in the FDCA that would govern that question.  Because the FDCA does not supply the "other law . . . *requir*[*ing*] the agency to withhold the information," *see Tripp*, 193 F. Supp. 2d at 238 (emphasis in original), the complaint fails to state a claim for relief, and it will be dismissed.

**CONCLUSION**

For the reasons set forth above, the Court defendants' motion to dismiss is granted, and this case will be **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  A separate order will issue.[2]

AMY BERMAN JACKSON
United States District Judge

DATE:  November 22, 2024

---

[2]    At the conclusion of the opposition to the motion to dismiss, plaintiff states, "[i]f the Court holds that Plaintiff has not alleged sufficient facts to state a claim under the APA, Plaintiff requests leave to amend the Complaint to add additional allegations to overcome any pleading deficiency." Pl.'s Opp. at 26.  Plaintiff adds, "in the alternative . . . Plaintiff requests that the Court require Defendants to produce the administrative record so that Plaintiff can allege additional facts regarding the arbitrary and capricious nature of FDA's decision to disclose Plaintiff's identity." *Id.*  Since the Court's ruling is based entirely on the lack of a legal underpinning for the APA claim, and not a failure to plead sufficient facts, adding allegations that may bear on whether the agency's decision was arbitrary and capricious will not cure the deficiency, and there does not appear to be a basis to dismiss the case without prejudice to a motion for leave to amend.