# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

J. DOE,

      Plaintiff,

   v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION and UNITED
STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      Defendants.

Case No. 1:23-cv-01389 (ABJ)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 3

    A.    Administrative Landscape ................................................................................. 3

    B.    The Form 483 ................................................................................................... 5

    C.    This Court's Decision ...................................................................................... 8

STANDARD OF REVIEW ............................................................................................... 10

ARGUMENT ..................................................................................................................... 11

I.      THE COURT SHOULD SET ASIDE THE JUDGMENT PURSUANT TO RULE
       59(E) ........................................................................................................................ 11

    A.    This Court Improperly Drew Factual Inferences Against Plaintiff
           Regarding the Applicability of FOIA to FDA's Release of the Form 483 .......... 11

    B.    The Court Committed Legal Error in Holding That Plaintiff Was Required
           To Identify a Legal Basis for Their Claim Other Than the APA ........................ 14

    C.    The Court Should Have Permitted Plaintiff the Opportunity To Amend
           Their Complaint ................................................................................................ 17

CONCLUSION .................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Wildlands v. Kempthorne,*
      530 F.3d 991 (D.C. Cir. 2008) ....................................................................15

*Ass'n of Admin. L. Judges v. U.S. Off. of Pers. Mgmt.,*
      640 F. Supp. 2d 66 (D.D.C. 2009) .............................................................15

*Banneker Ventures, LLC v. Graham,*
      798 F.3d 1119 (D.C. Cir. 2015) ...................................................................5

*\*Belizan v. Hershon,*
      434 F.3d 579 (D.C. Cir. 2006) ..................................................................19

*Buffington v. McDonough,*
      143 S. Ct. 14 (2022) ..................................................................................15

*Chelsea Condo. Unit Owners Ass'n v. 1815 A. St., Condo. Grp., LLC,*
      468 F. Supp. 2d 136 (D.D.C. 2007) ..........................................................19

*\*Chrysler Corp. v. Brown,*
      441 U.S. 281 (1979) ...................................................................................16

*Ciralsky v. CIA,*
      355 F.3d 661 (D.C. Cir. 2004) ..................................................................10

*Data-Prompt, Inc. v. Cisneros,*
      52 F.3d 1122 (Table) (D.C. Cir. 1995) .....................................................16

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,*
      591 U.S. 1 (2020) .......................................................................................15

*Doe, 1 v. Fed. Election Comm.,*
      920 F.3d 866 (D.C. Cir. 2019) ..................................................................17

*\*Firestone v. Firestone,*
      76 F.3d 1205 (D.C. Cir. 1996) .................................................10, 17, 19

*Foman v. Davis,*
      371 U.S. 178 (1962) ...................................................................................17

*Hedgeye Risk Mgmt., LLC v. Heldman,*
      271 F. Supp. 3d 181 (D.D.C. 2017) ..........................................................11

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Jarrell v. U.S. Postal Serv.*,
    753 F.2d 1088 (D.C. Cir. 1985) ................................................................................19

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994) ................................................................................11

*Mayor & City Council of Balt. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
    No. 23 Civ. 3762, 2024 WL 3082271 (D.D.C. June 21, 2024) ..............................16

*OSHA Data/CIH, Inc. v. U.S. Dep't of Lab.*,
    220 F.3d 153 (3d Cir. 2000) ....................................................................................16

*Richardson v. United States*,
    193 F.3d 545 (D.C. Cir. 1999) ................................................................................17

*Sandpiper Residents Ass'n v. U.S. Dep't of Hous. & Urb. Dev.*,
    106 F.4th 1134 (D.C. Cir. 2024) .............................................................................11

*Scandinavian Satellite Sys. v. Prime TV Ltd.*,
    291 F.3d 839 (D.C. Cir. 2002) ................................................................................11

*Tripp v. Dep't of Defense*,
    193 F. Supp. 2d 229 (D.D.C. 2002) .....................................................................9, 17

*Truitt v. Kendall*,
    554 F. Supp. 3d 167 (D.D.C. 2021) ........................................................................15

*Turkmani v. Republic of Bolivia*,
    273 F. Supp. 2d 45 (D.D.C. 2002) ..........................................................................10

*United States v. Funds from Prudential Secs.*,
    245 F. Supp. 2d 41 (D.D.C. 2003) ..........................................................................10

*Whitlock v. U.S. Dep't of Homeland Sec.*,
    No. 21 Civ. 807, 2022 WL 424983 (D.D.C. Feb. 11, 2022) .....................................3

*Willoughby v. Potomac Elec. Power Co.*,
    100 F.3d 999 (D.C. Cir. 1996) ................................................................................17

*Worthington Compressors, Inc. v. Gorsuch*,
    668 F.2d 1371 (D.C. Cir. 1981) ..............................................................................16

## TABLE OF AUTHORITIES
### (continued)

<u>Page(s)</u>

**Statutes and Regulations**

5 U.S.C.
    § 701.................................................................................................................8
    § 706....................................................................................................8, 14, 15

21 U.S.C. § 374.........................................................................................................1, 3

*21 C.F.R.
    § 20...................................................................................................................4
    § 20.20.........................................................................................................4, 17
    § 20.30...............................................................................................................6
    § 20.47....................................................................................................... *passim*
    § 20.48.........................................................................................................2, 7, 8
    § 20.64...............................................................................................................4
    § 20.67...............................................................................................................4

**Other Authorities**

FDA FOIA Logs, U.S. Food & Drug Admin. (Dec. 2, 2024),
    https://www.fda.gov/regulatory-information/freedom-information/fda-foia-
    logs.................................................................................................................18

FDA Staff Manual Guides, Volume I - Organization and Functions, U.S. Food &
    Drug Admin. (Dec. 14, 2018), https://www.fda.gov/media/82808/download .........................6

Federal Rule of Civil Procedure
    12...........................................................................................................1, 8, 19
    15.............................................................................................................10, 17
    59(e) .................................................................................................1, 3, 10, 19

Investigations Operations Manual § 1A.3.4, U.S. Food & Drug Admin. (2022),
    https://www.fda.gov/media/113432/download..........................................................3

*OII FOIA Electronic Reading Room*, U.S. Food & Drug Admin. (Dec. 12, 2024),
    https://www.fda.gov/about-fda/office-inspections-and-investigations/oii-foia-
    electronic-reading-room...................................................................................4

Public Information, 87 Fed. Reg. 55907-01 (Sept. 13, 2022)..........................................3

## INTRODUCTION

On November 22, 2024, this Court granted Defendants United States Food and Drug Administration ("FDA") and United States Department of Health and Human Services' motion to dismiss the Complaint, holding that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and denying leave to amend. Plaintiff now moves the Court pursuant to Federal Rule of Civil Procedure 59(e) to set aside its judgment and reopen the case, and to allow Plaintiff to amend their complaint.

Plaintiff is a licensed, practicing attorney who works for an FDA-regulated company (the "Company"). Compl. ¶ 5, ECF No. 1. After inspecting one of the Company's facilities, FDA issued an FDA Form 483 (the "Form 483"), which is the subject of this action. *Id.* ¶¶ 20, 22. Under the Federal Food, Drug, and Cosmetic Act (the "FDCA"), a Form 483 is issued to "give to the owner, operator, or agent in charge a report in writing setting forth any conditions or practices observed by [FDA]" that allegedly are not in accordance with the FDCA. 21 U.S.C. § 374(b)(1). In accordance with FDA's statutory authority, observations on a Form 483 are limited to those that "indicate that any food, drug, device, tobacco product, or cosmetic" either "consists in whole or in part of any filthy, putrid, or decomposed substance" or "has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health." Compl. ¶ 18 (quoting 21 U.S.C. § 374(b)(1)).

The Form 483 issued to the Company exceeded the scope of this authority. Rather than focusing on "insanitary conditions" and "observations," it includes credibility judgments by the FDA investigator about statements made by various individuals at the Company—including Plaintiff—to whom the FDA investigator never spoke. *Id.* ¶ 23.

Defendants planned to publish the Form 483 pursuant to its policies and procedures under the Freedom of Information Act ("FOIA"), which direct that FDA preemptively publish Forms

483 because these documents are frequently requested under FOIA.  As part of this process, Defendants consulted with counsel for the Company and for Plaintiff regarding the redaction of personally identifying information as exempt from disclosure under FOIA.  *Id.* ¶¶ 25–38. Although Defendants agreed to redact under FOIA the name of the Company's outside counsel referenced in the Form 483 observations, they were unwilling to do the same for Plaintiff.  *Id.* ¶ 28. Following the procedure set forth in FDA's regulations implementing FOIA, 21 C.F.R. § 20.48, Plaintiff filed suit under the Administrative Procedure Act ("APA"), challenging Defendants' refusal to redact the Form 483 as arbitrary and capricious.  Compl. ¶¶ 40–41.

Plaintiff followed FDA's regulations implementing FOIA by filing this lawsuit.  Yet, on November 22, 2024, the Court dismissed the action with prejudice, holding that Plaintiff cannot bring a "reverse-FOIA" action under the APA "where there is no FOIA request."  Opinion at 9, ECF No. 28.  Plaintiff respectfully submits that the Court committed clear error in so holding, for multiple reasons.  First, the Court improperly resolved factual issues against Plaintiff, rather than treating the Complaint's allegations as true and granting Plaintiff all available inferences, as required at the pleading stage.  Had the Court done so, it would have inferred—correctly—that not only was Defendants' decision to publish made in light of FOIA but also that ***there was, in fact, a FOIA request for the Form 483 in this case***.  Defendants' decision to publish the unredacted Form 483 therefore was not "independent of FOIA."  Opinion at 10.  And if more specific allegations of fact were necessary in that regard, Plaintiff should have been allowed to amend. Second, Plaintiff respectfully submits that the Court erred in requiring Plaintiff to show that the disclosure was made pursuant to FOIA or another law, because a plaintiff can challenge agency action as arbitrary and capricious under the APA even if such action is not contrary to any specific law.

Accordingly, Plaintiff requests that the Court set aside the judgment under Rule 59(e) and permit Plaintiff to file an amended complaint.

## BACKGROUND

Because this Court is aware of the facts of this case, Plaintiff provides only a brief summary of facts essential to this motion.

### A.    Administrative Landscape[1]

The FDCA provides FDA the authority to conduct inspections and authorizes FDA officers or employees to enter, at reasonable times, and inspect, at reasonable times and within reasonable limits and in a reasonable manner, facilities subject to regulation under the FDCA.  Compl. ¶ 16; *see also* 21 U.S.C. § 374(a).  During an inspection, FDA investigators may observe conditions they deem to be objectionable.  Compl. ¶ 17; *see also* 21 U.S.C. § 374(b)(1).  At the conclusion of an inspection, a Form 483 is presented and discussed with the site senior management.  Compl. ¶ 17; *see also* 21 U.S.C. § 374(b)(1) (Form 483 issued to "set[] forth any conditions or practices observed" indicating that a regulated product consists "of any filthy, putrid, or decomposed substance" or "has been prepared, packed, or held under insanitary conditions").

Part 20 of Title 21 of the Code of Federal Regulations contains "FDA's regulations for the implementation of the FOIA."  Public Information, 87 Fed. Reg. 55907-01 (Sept. 13, 2022).[2]  As articulated in these regulations, FDA's policy on the disclosure of records is that it "will make the

---

[1]  "At this motion-to-dismiss stage, the court may take judicial notice of publicly available information on official government websites."  *Whitlock v. U.S. Dep't of Homeland Sec.*, No. 21 Civ. 807, 2022 WL 424983, at *1 n.1 (D.D.C. Feb. 11, 2022).

[2]  *See also* Investigations Operations Manual ("IOM") § 1A.3.4, U.S. Food & Drug Admin. (2022), https://www.fda.gov/media/113432/download ("You can find information about disclosure and confidentiality of information related to FDA records and documents in 21 CFR Parts 20 and 21 . . . and within other documents and statutes as detailed on the ORA Information Disclosure page.").  FDA's IOM is "the primary operational reference for FDA employees who perform field activities in support of the agency's public health mission."  IOM at Foreword 2022.

fullest possible disclosure of records to the public, *consistent with the rights of individuals to privacy*," and "all nonexempt records shall be made available for public disclosure upon request regardless of whether any justification or need for such records have been shown."  21 C.F.R. § 20.20(a), (c) (emphasis added).

Under these regulations, FDA can decide to make Forms 483 available publicly, though the agency is not required to do so.  More specifically, FDA has established "procedures for identifying records of general interest or use to the public that are appropriate for public disclosure, and for posting and indexing such records in a publicly accessible electronic format."  21 C.F.R. § 20.20(f).  For those Forms 483 which FDA decides to make publicly available, it does so "either (1) proactively at [FDA's] discretion or (2) because they are 'frequently requested' per the Electronic Freedom of Information Act Amendments of 1996."  *OII FOIA Electronic Reading Room*, U.S. Food & Drug Admin. (Dec. 12, 2024), https://www.fda.gov/about-fda/office-inspections-and-investigations/oii-foia-electronic-reading-room [hereinafter "FDA FOIA Reading Room"].  As FDA instructs, such "records may be redacted to remove non-public information."  *Id.*  There is no other statute or regulation requiring FDA to make Forms 483 publicly available.

For Forms 483 that FDA decides to publish, it may redact certain information pursuant to FDA's regulations implementing FOIA, 21 C.F.R. Part 20, and the exemptions to FOIA.  *See, e.g.*, 21 C.F.R. § 20.64(a)(3) ("Records or information compiled for law enforcement purposes may be withheld from public disclosure . . . to the extent that disclosure . . . [c]ould reasonably be expected to constitute an unwarranted invasion of personal privacy.").  FDA regulations permit "[r]ecords or information" to be "withheld from public disclosure if a statute specifically allows [FDA] to withhold them."  21 C.F.R. § 20.67.

### B.    The Form 483

The Inspection.  In the spring of 2022, FDA inspected one of the Company's facilities. Compl. ¶ 20.  Plaintiff was not the "most responsible person" at the facility, and did not interact with FDA during the inspection.  *Id.* ¶ 21.  FDA investigators never spoke to Plaintiff during the inspection.  *Id.* ¶ 23.  At the conclusion of the inspection, FDA issued the Form 483 to the site lead for the Company, not to Plaintiff.  *Id.* ¶ 22.  Rather than focusing on "insanitary conditions" and "observations," the Form 483 includes credibility judgments by the FDA investigator about statements made by various individuals at the Company—including Plaintiff—to whom the FDA investigator never spoke.  *Id.* ¶¶ 18–23.  Plaintiff is a lawyer and groundless statements about their credibility, such as that in the Form 483, could affect their ability to practice and their professional reputation more generally.  *Id.* ¶¶ 3, 12–13, 30, 42.

The FOIA Review.  FDA planned to publish the Form 483 pursuant to its policies and procedures under FOIA, which direct that FDA preemptively publish Forms 483 because these documents are frequently requested under FOIA.  Therefore, on August 9, 2022, external counsel for the Company emailed FDA requesting that Plaintiff's identity and that of the Company's initial external counsel be treated as exempt from public disclosure under FOIA.  *Id.* ¶ 26; *see also* Nath Decl., Ex. B, ECF No. 25-2.[3]  On November 10, 2022, FDA stated that it had reviewed the Form 483 "to identify information exempt from disclosure under FOIA and other applicable disclosure laws and regulations."  Compl. ¶ 28; *see also* Nath Decl., Ex. C, ECF No. 25-3.  FDA agreed to redact the name of the Company's external counsel, stating that FDA "will follow its standard

---

[3]  On a motion to dismiss, the Court can "consider a document that a complaint specifically references without converting the motion into one for summary judgment."  *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015).  Accordingly, the Court can consider the documents affixed to Plaintiff's opposition to the motion to dismiss, all of which are specifically referenced in the Complaint.  ECF No. 22; ECF No. 25 (filed under seal).

practices and redact the Form FDA 483 to remove all additional information exempt from disclosure under FOIA and other applicable disclosure laws and regulations." Compl. ¶ 28; *see also* Nath Decl., Ex. C. However, FDA declined to do the same for Plaintiff, referencing, without citation, a purported "general policy" that it "does not generally redact the names or titles of high-ranking officials." Compl. ¶ 28; *see also* Nath Decl., Ex. C.

On December 5, 2022, external counsel for the Company sought reconsideration of FDA's refusal to redact Plaintiff's identity. Compl. ¶ 29; *see also* Nath Decl., Ex. D, ECF No. 25-4. Through separately retained counsel, Plaintiff also responded to the FDA on December 5, 2022, requesting that FDA redact Plaintiff's title, asserting the "significant personal privacy interest" that could impede Plaintiff's "ability to engage in [Plaintiff's] chosen profession." Compl. ¶ 31; *see also* Nath Decl., Ex. E, ECF No. 25-5.

On May 10, 2023, FDA's Division of Information Disclosure Policy within FDA's Center for Drug Evaluation and Research ("CDER")[4] responded to these letters, admitting that Plaintiff's job title identifies Plaintiff and is "widely known." Compl. ¶ 35; *see also* Nath Decl., Ex. F, ECF No. 25-6. FDA stated that "FDA's release of information is governed by law, including FOIA and FDA disclosure regulations," and explained that "FOIA requires federal agencies to disclose records requested by the public unless the records are exempted from release." Compl. ¶ 35; *see also* Nath Decl., Ex. F. Nevertheless, FDA rejected Plaintiff's request on the basis that releasing Plaintiff's identity "would not constitute an unwarranted invasion of personal privacy," without

---

[4] Under 21 C.F.R. § 20.30(a), FDA's Division of Freedom of Information is "responsible for Agency compliance with [FOIA]." Under that umbrella, FDA's Division of Information Disclosure Policy "[p]rovides . . . clearance of all requests for information that raise issues concerning the appropriateness of the disclosure" for requests involving the CDER. FDA Staff Manual Guides, Volume I – Organization and Functions, U.S. Food & Drug Admin. (Dec. 14, 2018), https://www.fda.gov/media/82808/download. Section 20.30 also directs that "[a]ll requests for Agency records shall be sent in writing to this office." 21 C.F.R. § 20.30(b).

citation to any precedent or other policy. Compl. ¶¶ 36–37; *see also* Nath Decl., Ex. F. In addition, FDA stated that it "will follow its standard practices and redact the Form FDA 483 to remove all additional information exempt from disclosure under FOIA and other applicable disclosure laws and regulations," informing Plaintiff's counsel that it intended to post the Form 483 without redaction to the FDA website five business days after counsel's receipt of such notice, *i.e.*, on May 17, 2023. Compl. ¶ 35; *see also* Nath Decl., Ex. F.

With this deadline looming, Plaintiff's counsel sent an additional letter on May 11, 2023 urging FDA to reconsider. Compl. ¶ 38; *see also* Nath Decl., Ex. G, ECF No. 25-7. On May 15, 2023, FDA denied Plaintiff's renewed request, stating that it "considered both FOIA Exemptions 6 and 7(C) in reaching its conclusion" and confirming that the agency intended to post the Form 483 "per [its] earlier letter," *i.e.*, on May 17, 2023. Compl. ¶ 38; *see also* Nath Decl., Ex. H, ECF No. 25-8.

Throughout, this back and forth between Plaintiff's and Company counsel and FDA regarding the disclosure of the Form 483 and potential redactions thereto were undertaken pursuant to 21 C.F.R. § 20.47, which directs that "[i]n situations where the confidentiality of data or information is uncertain ***and there is a request for public disclosure***, [FDA] will consult with the person . . . who would be affected by disclosure before determining whether or not such data or information is available for public disclosure." *Id.* (emphasis added); *see also* Compl. ¶ 9.

Once FDA "reject[ed] [Plaintiff's] request that part or all of the records not be made available for public disclosure," this "decision constitute[d] final agency action that is subject to judicial review," and Plaintiff was permitted to "institute suit in a United States District Court to enjoin release of the records involved" within five days. 21 C.F.R. § 20.48 *see also* Compl. ¶ 40. Therefore, as directed by FDA's regulations implementing FOIA, on May 16, 2023, Plaintiff filed

the instant action under the APA, 5 U.S.C. §§ 701–06, seeking to enjoin Defendants from publicly releasing Plaintiff's identity in connection with the Form 483.  Compl. ¶¶ 43–48; *see also* 21 C.F.R. §§ 20.47, 20.48.  In the Complaint, Plaintiff alleged that FDA's "refusal to redact Plaintiff's identity from the Form 483 . . . is an arbitrary and capricious final agency action within the meaning of 5 U.S.C. § 706(2)(A)."  Compl. ¶ 47.

On July 24, 2023, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that the Complaint failed to allege a cognizable reverse-FOIA claim because "such a claim must identify some non-FOIA source of authority prohibiting disclosure of the information."  ECF No. 15-1.  In addition, Defendants argued that the Complaint did not sufficiently allege a privacy interest that justifies invocation of FOIA Exemptions 6 and 7(C).  ECF No. 15-1.  Defendants did not provide Plaintiff with the administrative record or file a certified list of the record's contents, as required under Local Rule 7(n)(1), but sought relief from compliance with this rule, which Plaintiff opposed separately.  ECF Nos. 15, 18.  The Court preliminarily granted Defendants' motion for relief, holding that "whether an administrative record is required may be revisited depending upon the outcome of the Motion to Dismiss."  August 3, 2023 Minute Order.

## C.     This Court's Decision

On November 22, 2024, the Court issued an opinion granting Defendants' motion to dismiss (the "Opinion") and a final, appealable order dismissing the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  ECF Nos. 28, 29.  The Opinion rested on two primary grounds.

*First*, in determining that the Complaint was "independent of" FOIA, Opinion at 10, the Court did not construe the allegations in the Complaint in the light most favorable to Plaintiff, as it was required to do.  Instead, the Court made factual findings not based on the Complaint,

determining that "no FOIA request is pending" and that the case "involve[d] a report to be released independent of FOIA." *Id.* at 10. These determinations are both disconnected from the pleading and wrong. Although the Complaint itself sufficiently pled that FOIA applied to the Form 483 at issue, had Plaintiff been permitted to amend after the Court's ruling, Plaintiff would have added allegations that (1) FDA preemptively discloses Forms 483 pursuant to a policy enacted under FDA's regulations implementing FOIA because it has determined that such documents are frequently requested under FOIA; and (2) *there are, in fact, FOIA requests pending regarding the Form 483 at issue*, including at least one that predates the Complaint. Thus, not only did the Complaint not allow an inference that "there was no FOIA request from which plaintiff could seek an exemption," *id.* at 12, but there was in fact such a request and Plaintiff should be allowed to amend to so plead. More broadly, FDA's decision to publish the Form 483 was in fact *rooted in FOIA*, not "independent of" it, as the Court erroneously held. *Id.* at 10.

*Second*, the Court determined that to plead a reverse-FOIA claim under the APA, "plaintiff must show 'some other law,' besides FOIA, that 'require[s] the agency to withhold the information." *Id.* (quoting *Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002)). This holding also was in error, as a plaintiff is permitted to challenge agency action as "arbitrary or capricious" under the APA, even if such action is not contrary to any specific law.

*Finally*, the Court wrongly denied Plaintiff the opportunity to amend their complaint, holding instead that "[s]ince the Court's ruling is based entirely on the lack of a legal underpinning for the APA claim, . . . adding allegations that may bear on whether the agency's decision was arbitrary and capricious will not cure the deficiency." Opinion at 14 n.2. This was error. As explained above, even assuming the Court's required connections to FOIA, Plaintiff could have alleged facts showing that FDA's disclosure of the Form 483 was pursuant to FOIA—*i.e.*, that

(1) FDA treated the disclosure of the Form 483 as if it were pursuant to FOIA per its regulations and practice; (2) FDA proactively makes Forms 483 publicly available because they are frequently requested under FOIA; and (3) here, ***there are FOIA requests for the Form 483***, including at least one that predates Plaintiff's Complaint. In short, had Plaintiff been permitted leave to amend, they could have cured the deficiencies identified by the Court.[5]

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 28 days of the entry of judgment at issue. *See* Fed. R. Civ. P. 59(e). In this Circuit, a Rule 59(e) motion should be granted if "the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation marks omitted). A "court has considerable discretion in ruling on a Rule 59(e) motion." *United States v. Funds from Prudential Secs.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003). The court can and should correct clear errors to "ensure the integrity of the final judgment." *Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002). Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." However, "once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quotation marks omitted).

---

[5] While the Court also found that the FDCA cannot be the legal basis for Plaintiff's claim "because it does not bar disclosure of [P]laintiff's identifier in the Form 483," this determination is not at issue in this motion. Opinion at 13. Plaintiff does not concede this point, however.

## ARGUMENT

I. **THE COURT SHOULD SET ASIDE THE JUDGMENT PURSUANT TO RULE 59(e)**

A. **This Court Improperly Drew Factual Inferences Against Plaintiff Regarding the Applicability of FOIA to FDA's Release of the Form 483.**

On a motion to dismiss, a court must accept as true all well-pleaded factual allegations set forth in the complaint. *Scandinavian Satellite Sys. v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002). And "the Court may not make factual findings on a motion to dismiss." *Hedgeye Risk Mgmt., LLC v. Heldman*, 271 F. Supp. 3d 181, 189 (D.D.C. 2017). Here, the Court erred when it reached factual conclusions that are absent from, and inconsistent with, the Complaint and failed to draw all inferences in favor of Plaintiff, as it was required to do.

In particular, the Court determined that the Form 483 "was not about to be released pursuant to a FOIA request" and that "FOIA was not implicated at all." Opinion at 9. This determination is not a fair characterization of the allegations in the Complaint, particularly at the motion to dismiss stage when a court must "grant the plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see also Sandpiper Residents Ass'n v. U.S. Dep't of Hous. & Urb. Dev.*, 106 F.4th 1134, 1143 (D.C. Cir. 2024) ("In determining whether a complaint fails to state a claim, we must accept Plaintiffs' allegations as true and draw all inferences in their favor.").

In particular, as alleged in the Complaint, on May 10, 2023, the head of FDA's FOIA office for CDER informed Plaintiff that FDA "intended to post the Form 483 without redaction to the FDA website five business days after counsel's receipt of such notice, i.e., on May 17, 2023." Compl. ¶ 35. As further alleged, in a letter on May 16, 2023, FDA again "confirmed that the agency intends to post the Form 483 'per its earlier letter [on May 10],' i.e., tomorrow, May 17, 2023." *Id.* ¶ 38. As described below, FDA's "earlier letter" specifically invoked FOIA. *See* Nath

Decl., Ex. C (filed under seal) (stating that FDA "will make redactions in accordance with the FOIA and applicable regulations"). Drawing all inferences in Plaintiff's favor, FDA's decision to post the Form 483 was a decision under the agency's regulations implementing FOIA.

In addition, as made clear from the exhibits attached to Plaintiff's opposition to the motion to dismiss (and incorporated by reference in the Complaint), FDA itself stated that it intended to disclose the Form 483 pursuant to FOIA in its letters to Plaintiff. In its November 10, 2022 letter, FDA stated that it "will follow its standard practices and redact the Form FDA 483 to *remove all additional information exempt from disclosure under FOIA and other applicable disclosure laws and regulations*." Nath Decl., Ex. C (filed under seal) (emphasis added). In that same letter, FDA also stated, "If a written response is not received [] within five (5) working days after receipt of this letter, FDA will make redactions *in accordance with the FOIA and applicable regulations* as described above, and the records will be disclosed." *Id.* (emphasis added).

In addition, in its May 10, 2023 letter, FDA again made clear that the release of the Form 483 was pursuant to FOIA: "FDA's release of information is governed by law, including FOIA and FDA disclosure regulations" and "FOIA requires federal agencies to disclose records requested by the public unless the records are exempted from release." Nath Decl., Ex. F (filed under seal). FDA then concluded that it "will follow its standard practices and redact the Form FDA 483 to *remove all additional information exempt from disclosure under FOIA and other applicable disclosure laws and regulations*," noting its intention to "post the FDA Form 483 to the FDA website [within] five business days." *Id.* (emphasis added).

Further, the Complaint invoked 21 C.F.R. § 20.47 (*see* Compl. ¶ 9), which sets forth the procedure for FDA to "consult with the person . . . who would be affected by disclosure before determining whether or not such data or information is available for public disclosure" only "[i]n

12

situations where the confidentiality of data or information is uncertain and ***there is a request for public disclosure***." 21 C.F.R. § 20.47 (emphasis added).  Such consultation with Plaintiff occurred because FDA intended to disclose the Form 483, pursuant to FDA's policies and practices regarding these reports.  *See* FDA FOIA Reading Room (FDA makes Forms 483 publicly available "either (1) proactively at [FDA's] discretion or (2) because they are 'frequently requested' per the Electronic Freedom of Information Act Amendments of 1996").  It simply does not follow—and it certainly is not a fair inference—that the Form 483 was "to be released independent of FOIA," as the Court found.  Opinion at 10.

Rather, there is no factual basis in the pleading for the Court's finding that FDA's disclosure of the Form 483 did not implicate FOIA, and such a finding misconstrues the allegations in the Complaint.  *Id.* at 11 (finding that "plaintiff is not seeking to challenge the agency's decision to disclose material in response to a FOIA request"); *see also id.* at 9 (stating that the Form 483 "was not about to be released pursuant to a FOIA request"); *id.* at 10 (stating that "no FOIA request is pending" and "the case involves a report to be released independent of FOIA"); *id.* at 12 (stating that "there was no FOIA request from which plaintiff could seek an exemption" and "the challenged disclosure did not arise under FOIA").

And, even if there were no FOIA requests for the Form 483, FDA was treating its proactive disclosure of the Form 483 as a disclosure under FOIA in its consultation with Plaintiff's counsel. Specifically, FDA directed Plaintiff to identify the FOIA exemption(s) that would be applicable in order to redact Plaintiff's identity.  As stated by FDA in its November 10, 2022 letter, FDA would disclose Plaintiff's identity "[i]n the absence of an articulable personal privacy interest in redacting this information," and requested "additional information" that "would support withholding [Plaintiff's job title] under FOIA Exemption 6."  Nath Decl., Ex. C (filed under seal).  In its May

10, 2023 letter, FDA reiterated that it would redact Plaintiff's identity only if such information were "exempted from release" under FOIA. Nath Decl, Ex. F (filed under seal). Thus, the parties were operating as though there had been a FOIA request for the Form 483, as such documents are "frequently requested" from FDA under FOIA—and the Court's assumption to the contrary was inconsistent with FDA's actions with respect to its intended disclosure of the Form 483.

Accordingly, Plaintiff respectfully submits that this Court erroneously made factual findings in resolving a motion to dismiss that contradict Plaintiff's well-pleaded allegations and failed to give Plaintiff the benefit of inferences to which they are entitled at this stage of the case.

**B.    The Court Committed Legal Error in Holding that Plaintiff Was Required to Identify a Legal Basis for Their Claim Other than the APA.**

Even apart from the fact that the agency's decision to disclose was based on a clearly anticipated FOIA request (and, in fact, an actual FOIA request for the Form 483 was made here), FDA's final decision can and should be reviewed under the APA as an arbitrary and capricious agency action independent of FOIA or any other specific law. The Court erred in holding otherwise.

Under the APA, a court must set aside agency actions "found to be . . . arbitrary, capricious, an abuse of discretion, *or* otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (emphasis added). These are all separate bases upon which a court can invalidate agency action. Yet the Court held that Section 706(2)(A) of the APA authorizes a court to set aside agency action only if it is "not in accordance with law." Opinion at 8 (quoting 5 U.S.C. § 706(2)(A)). As the Court reasoned, "[t]o state a claim under section 706(2)(A), then, a plaintiff must identify the law the challenged action contravenes." Opinion at 8. This is wrong.

As the D.C. Circuit has explained, an agency "acts arbitrarily or capriciously if it has relied on factors which Congress has not intended it to consider, entirely failed to consider an important

aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise," even if it has not violated a specific law. *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 997–98 (D.C. Cir. 2008) (quotation marks omitted); *see also Truitt v. Kendall*, 554 F. Supp. 3d 167, 177 (D.D.C. 2021) (determining that an agency's denial of an application "was not arbitrary or capricious under the APA" without analyzing whether the action violated a separate law); *Ass'n of Admin. L. Judges v. U.S. Off. of Pers. Mgmt.*, 640 F. Supp. 2d 66, 74 (D.D.C. 2009) (holding that an agency's "decision to use a numerical cutoff in conjunction with a time limitation for applications was not arbitrary or capricious," without analyzing whether the action violated a separate law). Thus, Plaintiff properly asserted a claim under the APA to challenge FDA's arbitrary and capricious decision to not redact information tantamount to Plaintiff's identity in the Form 483.

FOIA, and FDA's regulations implementing FOIA, provided the basis for the suit, but the suit was appropriate even if it did not, as the agency's actions were nevertheless inconsistent with its own precedent, policies, and procedures as articulated in the Complaint. *See* Compl. ¶ 47 ("FDA's refusal to redact Plaintiff's identity . . . is an arbitrary and capricious final agency action within the meaning of 5 U.S.C. § 706(2)(A)."); *id.* ¶ 48 ("FDA's disclosure of Plaintiff's identity is an arbitrary and capricious decision."). The very purpose of the APA is to "set[] forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (quotation marks omitted). That is, review under the APA helps to protect "ordinary individuals" who are "unexpectedly caught in the whipsaw" of unreasoned agency behavior. *Buffington v. McDonough*, 143 S. Ct. 14, 21 (2022) (Gorsuch, J., dissenting from the denial of

certiorari).  This purpose would be eviscerated if individuals were required to identify a law outside the APA that was violated, in order to obtain review under the APA.  Accordingly, the Court erred in holding that "[s]ince plaintiff cannot point to any legal provision that would require withholding the information, binding Circuit authority compels this Court to find that the complaint does not allege unlawful agency action."  Opinion at 9.

An APA claim is the proper vehicle to seek to prevent an agency's public disclosure of information, or "reverse-FOIA" actions.  That is, "an agency can also be sued through the vehicle of the [APA] for allowing disclosure of information that was in fact covered by one of the nine exemptions to FOIA."  *OSHA Data/CIH, Inc. v. U.S. Dep't of Lab.*, 220 F.3d 153, 160 (3d Cir. 2000); *see also Data-Prompt, Inc. v. Cisneros*, 52 F.3d 1122 (Table), at *1 (D.C. Cir. 1995) (per curiam) ("In the reverse-FOIA context, district courts have jurisdiction to hear complaints brought by parties [under the APA] claiming that an agency decision to release a document adversely affects them.").

In the landmark case on reverse-FOIA claims, *Chrysler Corp. v. Brown*, the Supreme Court held that a reverse-FOIA action cannot be brought **under FOIA**, which does not confer "any right to enjoin agency disclosure"; rather, an agency's "decision to disclose" requested records is reviewable **under the APA**.  441 U.S. 281, 318 (1979).  Neither the Supreme Court nor the D.C. Circuit has ever held, as the Court implies, that a plaintiff cannot rely on the APA to support a reverse-FOIA claim.  *Cf. Worthington Compressors, Inc. v. Gorsuch*, 668 F.2d 1371, 1373 (D.C. Cir. 1981) ("In the normal reverse-FOIA case the ultimate issue is whether an agency violates the APA when it seeks to disclose submitted information which is exempt under FOIA.").  Thus, Plaintiff's claim was brought properly under Section 706 of the APA and is cognizable under such statute.  *Cf. Mayor & City Council of Balt. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,

No. 23 Civ. 3762, 2024 WL 3082271, at *3 (D.D.C. June 21, 2024) (noting that a private party

cannot "seek leave to intervene in a FOIA action . . . to invoke FOIA exemptions that the agency

has not itself invoked" "without asserting its own reverse-FOIA claim pursuant to the APA *or* any

other statute" (emphasis added)).[6]

### C.    The Court Should Have Permitted Plaintiff the Opportunity to Amend Their Complaint.

The Court also should have permitted Plaintiff to amend the Complaint.  Leave to amend

a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so

requires." *Firestone*, 76 F.3d at 1208 (citing Fed. R. Civ. P. 15(a)).  "[T]his mandate is to be

heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In other words, "leave to amend should be

freely given unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power

Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).  Such leave is appropriate "in the absence of undue

delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or

futility." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999).

---

[6] The case here is distinguishable from *Doe, 1 v. Fed. Election Comm.*, 920 F.3d 866, 872 (D.C. Cir. 2019), which the Court references for the notion that another law other than FOIA and the APA must be cited.  Opinion at 10 (quoting *Tripp*, 193 F. Supp. 2d at 238).  In that case, the D.C. Circuit held that "*[i]f an agency discloses information pursuant to other statutory provisions or regulations*, the agency cannot possibly violate FOIA." *Doe, 1*, 920 F.3d at 872 (emphasis added). Here, the only statute that is authorizing FDA's disclosure is FOIA, and FDA's regulations, policies, and procedures implementing FOIA.  *See, e.g.*, 21 C.F.R. § 20.20(b), (f) (stating that "all FDA records shall be made available for public disclosure" except where "specifically exempt pursuant to [Part 20]" and noting FDA's "procedures for identifying records of general interest or use to the public that are appropriate for public disclosure"); FDA FOIA Reading Room (FDA makes Forms 483 publicly available "either (1) proactively at [FDA's] discretion or (2) because they are 'frequently requested' per the Electronic Freedom of Information Act Amendments of 1996").  Therefore, *Doe, 1* is not a case that should block the relief Plaintiff seeks here, as it does not eliminate FDA's obligation under FOIA to redact personally identifying information to which an individual has a personal privacy interest.  *See id.*  FDA treated the disclosure of the Form 483 as a FOIA-related disclosure, and as such, its decision is reviewable under the APA, without reference to another law.

Although Plaintiff sought leave to amend the Complaint "to add additional allegations to overcome any pleading deficiency" (ECF No. 22 at 26), the Court denied the request. As the Court explained, its "ruling is based entirely on the lack of a legal underpinning for the APA claim, and not a failure to plead sufficient facts," and therefore "adding allegations that may bear on whether the agency's decision was arbitrary and capricious will not cure the deficiency." Opinion at 14 n.2. This was in error. Although Plaintiff's claim was properly brought under the APA, as explained *supra*, at a minimum Plaintiff should have been permitted to amend the Complaint to add allegations to support the "legal underpinning for the APA claim"—*i.e.*, FOIA.

Specifically, Plaintiff should have been permitted to add allegations involving FDA's intended disclosure of the Form 483 and that such disclosure was pursuant to FOIA. For example, Plaintiff would have added allegations that FDA intended to disclose the Form 483 under its regulations and policies implementing FOIA. As explained above, FDA was consulting with Plaintiff and the Company under 21 C.F.R. § 20.47, because "the confidentiality of data or information is uncertain and there is a request for public disclosure." In addition, Plaintiff would have added allegations that FDA proactively makes Forms 483 publicly available because they are frequently requested under FOIA, and FDA must still redact "non-public information" under 21 C.F.R. Part 20 when doing so. *See* FDA FOIA Reading Room. Finally, Plaintiff would have added allegations that here, there *are* FOIA requests for the Form 483, including at least one FOIA request that pre-dates the Complaint. *See* FDA FOIA Logs, U.S. Food & Drug Admin. (Dec. 2, 2024), https://www.fda.gov/regulatory-information/freedom-information/fda-foia-logs.

Such proposed amendment would not be futile. Even accepting the Court's reasoning that a plaintiff cannot bring a reverse-FOIA claim under the APA unless there has been a FOIA request

(if another law has not been violated), Plaintiff should have been permitted to add allegations that FDA's intended disclosure of the Form 483 was pursuant to FOIA.

A dismissal with prejudice "operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (quotation marks omitted). As such, the standard for dismissing with prejudice "is high" and "warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id.* (quotation marks omitted); *see also Firestone*, 76 F.3d at 1209; *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (same). The law is clear that "the court should reserve dismissal with prejudice for extreme situations where the pleader has had the opportunity to cure any deficiencies but either has not or cannot do so." *Chelsea Condo. Unit Owners Ass'n v. 1815 A. St., Condo. Grp., LLC*, 468 F. Supp. 2d 136, 146 (D.D.C. 2007) (quotation marks omitted). Here, Plaintiff never had the opportunity to cure any deficiencies, and the Court erred in denying Plaintiff leave to amend the Complaint. *See Belizan*, 434 F.3d at 583 (vacating dismissal with prejudice and explaining that "a complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice").

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant their motion under Rule 59(e) to set aside the judgment and reopen the case, and allow Plaintiff the opportunity to amend their Complaint.

Dated: December 20, 2024                  Respectfully submitted,


By: */s/ Sonia W. Nath*_____
    Sonia W. Nath (DC Bar No. 977095)
    David E. Mills (DC Bar No. 401979)
    COOLEY LLP
    1299 Pennsylvania Ave., NW, Suite 700
    Washington, DC 20004-2400
    Telephone: (202) 776-2120
    Facsimile: (202) 842-7899
    snath@cooley.com
    dmills@cooley.com

    Kathleen R. Hartnett (D.C. Bar No. 483250)
    COOLEY LLP
    3 Embarcadero Center, 20th Floor
    San Francisco, CA 94111-4004
    Telephone: (415) 693-2000
    Facsimile: (415) 693-2222
    khartnett@cooley.com

    Victoria R. Pasculli (admitted *pro hac vice*)
    COOLEY LLP
    55 Hudson Yards
    New York, NY 10001-2157
    Telephone: (212) 479-6879
    Facsimile: (212) 479-6275
    vpasculli@cooley.com

    *Counsel for Plaintiff J. Doe*