UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| J. DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1389 (ABJ) |
| | ) | |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiff has filed a motion to alter or amend the judgment in this case [Dkt. # 30], in which, in accordance with D.C. Circuit authority, the Court granted defendant's motion to dismiss what plaintiff had characterized as a "reverse-FOIA" case. *See* Mem. Op. [Dkt. # 28]. Plaintiff argues that the Court committed legal error when it held that the existence of a FOIA request was fundamental to a "reverse-FOIA claim." Pl.'s Mot. to Alter or Amend J. [Dkt. # 30] ("Mot.") at 15–16. But this simply repeats an argument vigorously advanced in plaintiff's opposition to the motion to dismiss. That argument was considered and rejected in the opinion, and disagreement with a court's ruling is not a basis to alter it. *Firestone v. Firestone*, 76 F. 3d 1205, 1208 (D.C. Cir. 1996).

The motion's other contention is that the Court improperly drew factual inferences against the plaintiff when it stated in its opinion that no FOIA request was pending at the time the FDA refused plaintiff's request to withhold identifying information from an inspection report that was about to be made public in accordance with agency regulations. Mot. at 11–12. This is not a basis to amend the judgment either; there was no allegation in the complaint that the disclosure of the report had anything to do with a FOIA request, and there was not one factual allegation would have prompted the Court to draw an inference that there was one pending. The lack of an FOIA request was a key circumstance emphasized in the motion to dismiss, and plaintiff did not once take issue with that representation in the opposition; plaintiff's point was that a pending request was not legally required. Resolving all inferences in favor of the plaintiff is not the same thing as assuming facts that aren't there, and the motion to alter the judgment on that basis will be denied.

Furthermore, the Court rejects the notion that it can find that FOIA was indeed involved because, as the plaintiff asserts, the regulations under which these particular reports are released

1

as a matter of course were promulgated in recognition of the fact that such reports are often the subject of FOIA requests.  Mot. 11–12.  That does not satisfy the requirements of *Doe, 1 v. Federal Election Commission*, 902 F.3d 866 (D.C. Cir. 2019).

Plaintiff asserts in the motion, though, that "in fact," there are FOIA requests pending, including one that was made before the complaint was filed.  Mot. at 2, 14.  But she provides no information about what was requested and when, whether and when plaintiff became aware of any request, and whether the existence of a FOIA request had anything to do with the effort to have the report redacted.  Moreover, if plaintiff was aware of FOIA requests at the time, that would raise questions about why there was no mention of the requests in response to the government's motion to dismiss that was specifically based on the absence of a FOIA request, and why the Court should alter a judgment based on information that could have been presented before.

Still, the instant motion asks for leave to amend the complaint.  The Court cannot address that in a vacuum, so the plaintiff must supplement the request by docketing a proposed amended complaint by February 28, 2025 in accordance with Local Civil Rule 15.1.  *See* Local Civ. R. 15.1 ("A motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as amended.")

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  February 14, 2025